BILSBORROW *v.* WARNER.

ACTIONS—PLEADINGS AND PROOFS—VARIANCE.

> An allegation that defendant was indebted to plaintiff in a specified amount for horses obtained from plaintiff at defendant's request, for which defendant promised to pay the amount stated, and that defendant, in payment of such indebtedness, delivered a note of a third person, knowing it to be uncollectible, by means of false representations as to the maker's financial responsibility, is not sustained by evidence that defendant received the horses from plaintiff to sell them for him, and return to him a specified amount in money if sold for cash, and in good, bankable paper if sold on time, and that defendant delivered the note in suit to plaintiff, representing it to be good, collectible paper, but knowing that it was not such.

Error to Van Buren; Buck, J. Submitted June 8, 1898. Decided July 12, 1898.

Case by Alfred Bilsborrow, T. J. Cavanaugh, and others, copartners, against Bangs F. Warner, for deceit. From a judgment for plaintiffs, defendant brings error. Reversed.

*Benjamin F. Heckert*, for appellant.

*A. Lynn Free*, for appellees.

HOOKER, J. This action was commenced in justice's court, and appealed to the circuit. The plaintiffs recovered in both courts.

The declaration was written, and alleged that in September, 1895, the defendant—

"Was indebted to the plaintiffs in the sum of $100 for a certain team of horses obtained from the plaintiffs at the special instance and request of the defendant, and, being so indebted, the defendant, in consideration thereof, afterwards, to wit, on the same day　*　*　*　and place,

undertook and   *   *   *   promised   *   *   *   to pay unto the said plaintiffs the said sum of money;   *   *   *   and   *   *   *   at the same time and place   *   *   *   the said defendant, in payment of said indebtedness, delivered to the plaintiffs a certain promissory note, signed by one William H. Burden, by which said note the said Burden promised to pay to the said defendant   *.  *   *   or order,   *   *   *   November 1, 1895,   *   *   *   the sum of sixty-two and 50-100 dollars, for value received; and the said defendant   *   *   *   afterwards   *   *   *   indorsed the said note, in writing,   *   *   *   to the said plaintiffs; and the said defendant, well knowing that the said note was not good, was uncollectible, and that the maker thereof was irresponsible, undertook and promised to the plaintiffs that said note was a good note, and that the maker thereof was perfectly good and financially responsible; that the said note was secured by a real-estate mortgage; that the said real estate was worth a good many times the amount of the note, and guaranteed the payment of the said note; and the said plaintiffs aver that they, confiding in the said promise and undertaking of the said defendant, did afterwards, to wit,   *   *   *   accept the said note of the said defendant in payment of the said indebtedness due them from the said defendant.   Yet the said defendant did not perform his said promise or undertaking, but thereby craftily and wrongfully deceived the said plaintiffs in this, to wit, that the said note, at the time of the making of the said promise and undertaking of the said defendant as aforesaid, was not good, but, on the contrary, was, at the time aforesaid, of no value whatever to the said plaintiffs,   *   *   *   and is at the present time utterly worthless,   *   *   *   and said note   *   *   *   was presented to said Burden   *   *   * for payment,   *   *   *   but neither the said Burden, nor any person or persons on behalf of the said Burden, did or would   *   *   *   pay the said sum of money,   *   *   * to plaintiffs' damage," etc.

The opening by the plaintiffs' counsel was, in effect, that the defendant was a horse dealer, and received two ponies belonging to the plaintiffs, upon his agreement to ship them north, and sell them, and return to the plaintiffs $60 in money, if sold for cash, and the same amount in good, bankable paper, if sold on time; that he afterwards delivered to the plaintiffs the note described in the declaration,

representing the same to have been received for said ponies, and to be good, collectible, and bankable; and that it was not such paper, as defendant well knew. Objection was made to the testimony on the ground that the case as stated was a variance from the case stated in the declaration, and the same was claimed as to the proof made. The judge . permitted the jury to find a verdict for the plaintiffs, and the defendant appealed.

It is admitted by both parties that the defendant did not purchase the horses, but, on the contrary, that he was to sell them in the capacity of agent of the plaintiffs. He did dispose of them, and the plaintiffs now claim that he did not deliver to them, and in fact did not obtain, the kind of paper for which he was authorized to sell them; that they accepted the paper which he did take upon false representations. If this is true, the plaintiffs might have returned the note, and sued the defendant upon the breach of his undertaking, and the measure of damages would have been $60. This was evidently the theory upon which they were permitted to recover, as the evidence conclusively showed that the defendant did not purchase the ponies. As the note indorsed by the defendant was without recourse, the recovery could not have been upon his indorsement, while his guaranty was oral, and no claim is made upon it. In his charge the court instructed the jury that, if they should find that the defendant took the ponies, promising to sell them for cash or good, bankable paper, and in fact sold them for paper which was not good and bankable, or if the agreement was that they should be sold for cash or good, collectible paper, and the paper taken was not good, collectible paper, the plaintiffs would be entitled to their verdict. He proceeded as follows:

"Another matter which you will consider, and the third, would be what representations were made, if any, at the time the paper was turned over to Mr. Cavanaugh. If you find that the defendant represented that the paper was such as he had agreed to take, and that the agree-

ment was as the plaintiffs claim, and that it was not bankable paper, then you should find in favor of the plaintiffs. If you find that he made no representations whatever concerning it, that he turned it over simply under the bargain, then, as I have said, if the bargain was as defendant claims, and the paper was of a sort that he claims it to have been, then you should find for the defendant."

It is obvious that the real cause of action here was the failure of the defendant to perform his contract, not his representation that he had performed it, or that the paper taken was good, bankable, or collectible paper, though the representations were admissible as explanatory of the plaintiffs' conduct in receiving the paper. But the declaration does not state such a cause of action. It alleges first that the defendant was indebted in the sum of $100 for horses obtained from the plaintiffs at his request, and that he promised to pay that sum for them, and that he afterwards delivered the note in question in payment, which the plaintiffs were induced to accept by his false representations, whereby they were injured. We are reluctant to reverse this judgment, but cannot sustain it without doing violence to the well-settled rule that the pleadings must contain a substantial statement of the cause of action proved. The contract proved is not mentioned in this declaration, while another and entirely different contract is set up. The delivery of the note and the false representations may be said to be alleged substantially as proved, but the necessary facts upon which a right of action for deceit can be predicated are not alleged as proved.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.